UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RUDDER ELECTRIC, INC.,          )
                                        )
          Plaintiff,          )
                                          )
        v.                  )  CASE NO. 4:07-cv-0141-DFH-WGH
                                          )
CONSOLIDATED MANAGEMENT    )
SOLUTIONS, INC., and RICHARD A.    )
DAWSON, II, individually,         )
                                          )
          Defendants.       )

ENTRY ON MOTION TO DISMISS

Plaintiff Rudder Electric, Inc. subcontracted with defendant Consolidated Management Solutions, Inc. ("CMS") to perform electrical work on a Wal-Mart store in Madison, Indiana, in the Southern District of Indiana. A dispute arose, and Rudder Electric filed suit against CMS and its president in an Indiana state court. Rudder Electric has not alleged a breach of contract but seeks damages under Indiana's civil "RICO" statute, Indiana Code § 34-24-2-6. Defendants removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. Defendants then moved to dismiss based on what they describe as a choice of venue provision in the contract. Plaintiff has argued only that defendants waived the choice of venue provision by removing the case to federal court.

The parties' contract provides in Paragraph 23(B), in bold type just above the signatures:

> All parties hereby agree that the construction, interpretation, performance and enforcement of this Subcontract shall be in accordance with the laws of the State of Florida, and specifically the courts in Clay County, Florida.

Def. Ex. 1.

The provision is certainly a choice of law provision. For a choice of venue provision, the wording is at best awkward. One might construe it as both, so that the choice of venue provision consists of the phrases: "All parties hereby agree that the construction, interpretation, performance and enforcement of this Subcontract shall be in * * * specifically the courts in Clay County, Florida." That is not the only possible construction of the provision, but it would certainly be unusual to refer to the law of a specific county if the provision were intended to provide only a choice of law. Plaintiff has not disputed defendants' interpretation of the provision, so the court treats it as a (somewhat awkward) choice of venue provision for Clay County, Florida. Plaintiff also has not raised any arguments that would defeat application of a choice of forum provision in a commercial contract. See generally *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Defendants also contend that the basic dispute here, no matter how plaintiff pled it, is a breach of contract claim, so that the contract's choice of venue provision governs. Again, plaintiff has not disputed the point.

Plaintiff's only argument against the choice of venue provision is that defendants waived their rights under it by removing the case to federal court. Plaintiff has not cited any authority to support this contention, though at least one century-old decision of the Seventh Circuit supports it.  See *Cucciarre v. New York Central & H. R.R. Co.*, 163 F. 38, 41 (7th Cir. 1908) (observing in dictum that removal waived defendant's objection to venue in forum state); but cf. *Wabash Western Ry. v. Brow*, 164 U.S. 271 (1896) (removal petition does not waive challenges to propriety of defenses such as lack of jurisdiction over person and improper service of process).  It is difficult to reconcile the dictum in *Cucciarre* with the Supreme Court's holding in *Wabash Western Railway v. Brow*, but in any event, the modern authority is to the contrary, holding that so long as a defendant did not take actions in the state court that would have amounted to a waiver of an objection to venue, the removal to federal court does not waive such defenses, including improper venue.  See *Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993); *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) (L. Hand., J.) (describing similar waiver argument as "a tissue of confusion"); see also *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (removal does not waive objection to personal jurisdiction); *Allen v. Ferguson*, 791 F.2d 611, 614 (7th Cir. 1986) (same); *Sirius America Ins. Co. v. SCPIE Indemnity Co.*, 461 F. Supp. 2d 155, 159 (S.D.N.Y. 2006) (same).

Defendants in this case had a right under federal law to remove the case to federal court.  The only federal court to which they could remove it was the

Southern District of Indiana.  See 28 U.S.C. § 1441(a) (authorizing removal to the district court for the district and division "embracing the place where such action is pending").  Once the case was here, defendants promptly moved to dismiss for improper venue.  There was no waiver of the issue.

Where venue is improper, the court may dismiss or, pursuant to 28 U.S.C. § 1406(a), may transfer the case to a proper venue.  At pages 2-3 of its brief in opposition, plaintiff has referred to the court's power to transfer a case under 28 U.S.C. § 1404.  The court interprets that reference as an indirect statement that plaintiff would prefer to litigate in the Middle District of Florida, which includes Clay County, Florida, rather than to have the case dismissed entirely. See 28 U.S.C. § 89(b).

Accordingly, the Clerk of the Court is hereby directed to transfer this action to the United States District Court for the Middle District of Florida.

So ordered.

Date: January 2, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-4-

Copies to:

Thomas Martin Dattilo
DATTILO LAW OFFICE
tdatt2@aol.com

Kenneth J. Munson
McTURNAN & TURNER
kmunson@mtlitigation.com

Eric D. Scheible
FRASCO CAPONIGRO WINEMAN & SCHEIBLE, PLLC
es@frascap.com

Wayne C. Turner
McTURNAN & TURNER
wturner@mtlitigation.com